IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SONDRA M. JONES,

        Plaintiff,

v.

Case No. CIV-06-495-KEW

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #19). Plaintiff seeks an award of $8,861.30 for her counsel as a result of the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) after an appeal of this Court's decision affirming the Administrative Law Judge. Defendant objects to the fee requested, asserting it is excessive because (1) the time and expense records provided with the Motion does not contain entries with sufficient detail for the Court to evaluate the reasonableness of the fees requested; and (2) counsel expended an excessive amount of time on briefing and on the case in general. Defendant proposes that Plaintiff be awarded fees for her counsel for either 36.40 hours for an award of $6,036.30 or 43.50 hours for a total award of $7,217.90.

Plaintiff counters that the administrative record included evidence from two hearings, since this case has been remanded to Defendant by this Court now on two separate occasions. She states

the record consists of approximately 800 pages.

Defendant appears to take particular umbrage with the 17 hours of time expended by counsel between March 17, 2007 and March 19, 2007. During that period, counsel expended 17 hours in 9 entries, all attributable to "[c]ontinue adding citations and authorities and editing brief." This time was documented after counsel had spent 9.4 hours on March 15 and 16 writing "rough draft of argument" for each specific error. The questions, then, become whether counsel adequately documented these entries and whether the expenditure of 26.4 hours on Plaintiff's opening brief is reasonable. Upon review of the brief filed by counsel, the nature and complexity of the issues of error raised and the level of experience of counsel, this Court concludes the time expended was excessive. No unique legal issue was implicated in this case in Plaintiff's opening brief of approximately 13 pages that would warrant the expenditure of 26.4 hours. Indeed, this Court would note counsel spent in excess of 8 hours on correcting and adding to the brief on one day – an atypical billing feat. Accordingly, this Court finds Plaintiff's fee request should be reduced by 9.0 hours to reflect a reasonable amount for preparation of Plaintiff's opening brief. The remainder of the entries in counsel's contemporaneous time records reflect a reasonable expenditure of time for which compensation will be allowed.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #28) is hereby **GRANTED**. Plaintiff is awarded fees as

follows:

2006 - 1.90 hours at $162.00 per hour

2007 - 41.00 hours at $166.00 per hour

2008 - 1.5 hours at $169.00 per hour

Total award: $7,367.30

Given the recent pronouncement by the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 407(b)(1), he shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 7th day of November, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE